**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAYLON KE'ANDRE GIBSON** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:25cv985-CWR-LGI**

**MISSISSIPPI STATE ATTORNEY GENERAL,**
**MISSISSIPPI DEPARTMENT of PUBLIC SAFETY,**
**et al** **DEFENDANTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court upon a review of its docket. Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) and directed to return the summons form no later than April 6, 2026. Plaintiff neither complied nor requested an extension of time to do so. The Court, in turn, issued an [15] Order to Show Cause directing Plaintiff to show good cause for his failure to comply within 10 days. Plaintiff, again, neither complied nor requested an extension of time to do so.[1] This case has stalled on the Court's docket as a result.

To achieve the orderly and expeditious disposition of cases, the Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parities seeking relief. Whether *pro se* or represented by counsel, Plaintiff has an

---

[1] Though the docket reflects that the Court's [13] Order Granting Motion for Leave to Proceed in forma pauperis was returned as undeliverable on April 14, 2026, the Court's [15] Order to Show Cause was mailed to Plaintiff's current address of record as well as electronically.

obligation to comply with the directives of this Court, and the inaction prejudices the right of Defendants to promptly and fully defend against his allegations. Accordingly, this Court has the authority to dismiss an action for failure to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41 (b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Such a sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the court. *Link*, 370 U.S. at 630.

It is Plaintiff's responsibility to prosecute this case -- which cannot proceed until Defendants have been served with a summons and the Complaint. It may be that Plaintiff has lost interest in pursuing this cause, however. Plaintiff has not responded to the Court's order or otherwise communicated with the Court for over six months. The instant report and recommendation, however, provides Plaintiff adequate notice and a second opportunity to show good cause for his failure to comply with the Court's order as directed.

For these reasons, the undersigned recommends that this cause of action be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b), unless Plaintiff files a written response, within 14 days, showing good cause for his failure to comply with the directives of this Court, and returns the Summons forms as directed. Absent this, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice, and without further notice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on July 22, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE